IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CINDA HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-04-980-C |
| ) | |
| Z, INC., an Oklahoma Corporation d/b/a ) | |
| VZD's Restaurant, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Now before the Court is a Motion for Entry of Final Judgment Based on Pleadings filed by Plaintiff Cinda Hughes (Hughes). Defendant Z, Inc., doing business as VZD's Restaurant (VZD), filed a response; accordingly, the motion is ripe for disposition. The Court, upon full consideration of the litigants' briefs and the applicable law, now **DENIES** Hughes' motion.

Hughes brings this action under federal question jurisdiction and alleges that she is disabled and that VZD denied her full, safe, and equal access to VZD in contravention of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. (ADA). VZD denied the allegations within Hughes' complaint and the litigants began the discovery process. Subsequent to the September 1, 2005, deadline for completing discovery and the filing of dispositive motions (Order, Dkt. No. 25), the litigants came to an agreement that VZD did not comply with the ADA and that the identified needed renovations would be made; however, VZD refused to enter into a written stipulation of settlement in order to dispose of

the action. Hughes now moves the Court to enter judgment on the pleadings under Fed. R. Civ. P. 12(c) on the ground that there are no issues left to resolve. She filed her motion approximately fifteen months after the pleadings closed, three months after the scheduling order's deadline for dispositive motions, and one month before trial. In response, VZD proffers three objections: that Hughes' motion is untimely under Fed. R. Civ. P. 16(b), as she filed without leave of Court and did not demonstrate good cause; that she has failed to demonstrate her entitlement to judgment on the pleadings under Rule 12(c); and, were the Court to convert her Rule 12(c) motion to a Rule 56 summary judgment motion, the pleadings demonstrate genuine issues of material fact which preclude summary judgment. The Court finds the first two arguments by VZD to be persuasive, thus the Court will not address the third argument.

To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the Court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave of Court upon a showing of good cause. Rule 16(b). The broader language of Rule 12(c), however, appears to conflict with Rule 16 in that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Rule 12(c). The Tenth Circuit has not directly addressed this apparent conflict, but the Court finds Riggins v. Walter, 279 F.3d 422, 427-28 (7th Cir. 1995), to be instructive regarding its resolution:

> Rule 12(c) does not restrict the court's discretion under Rule 16(b). Just as we have applied Rule 16(b) to a motion pursuant to Rule 56, which states that the motion may be brought "at any time" after certain criteria are met, . . . a Rule

>    12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) *and* if it will not delay trial.

(citations omitted).

Here, Hughes never requested leave to amend the scheduling order deadlines for dispositive motions. Even if the Court were to construe her Rule 12(c) motion as one requesting leave to amend, see, e.g., Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1543 (10th Cir. 1996) (interpreting Rule 16(e) so as to not require a formal motion to amend), Hughes fails to give any reason how she meets Rule 16's fairly stringent "good cause" standard which requires her to give a persuasive reason why the dates originally set by the scheduling order for the filing of dispositive motions could not "reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note (1983); Colo. Visionary Acad. v. Medtronic, Inc., 194 F.R.D. 684, 687-88 (D. Colo. 2000) (describing the standard in detail). As a result, the Court finds Hughes' motion is untimely filed and judgment on the pleadings is inappropriate.

In the alternative, VZD's second argument is also persuasive. Rule 12(c) motions are adjudicated using the same standard for motions to dismiss under Rule 12(b)(6). Soc'y of Separationists v. Pleasant Grove City, 416 F.3d 1239, 1240-41 (10th Cir. 2005). The Court accepts as true VZD's answer to Hughes' complaint and construes VZD's answer in the light most favorable to VZD, the nonmoving party. See Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). Hughes, as the moving party, is entitled to judgment on the pleadings only where it appears beyond doubt that VZD's defenses are legally insufficient, i.e., VZD can

prove no set of facts sustaining its defenses and entitling it to judgment. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See 5C Charles Alan Wright et al., Federal Practice and Procedure § 1368 (3d ed. 2004) (describing the legal standard applicable for Rule 12(c) motions filed by either a plaintiff or a defendant). Matters outside the pleadings should be excluded from the Court's analysis unless the Court, in its discretion, treats the motion as one for summary judgment under Rule 56. Rule 12(c); 5C Charles Alan Wright et al., Federal Practice and Procedure § 1371 (3d ed. 2004).

Here, Hughes bases her motion entirely upon matters outside the four corners of the pleadings. The Court declines to convert her motion to one under Rule 56 as the trial is slated to begin in approximately one month and she filed her motion without good cause more than three months after the scheduling order's deadline for dispositive motions; therefore, the Court excludes from its analysis all matters presented which are outside the pleadings.

Under the pleadings, VZD has set forth defenses and facts which, if taken as true, would negate Hughes' claim under the ADA—VZD asserts that it is in compliance with all applicable statutory and regulatory requirements and that certain structural modifications sought by Hughes are either not readily achievable or are not required to be made to the existing facilities. (Def.'s Answer, Dkt. No. 13, at 2-3.) In addition, Hughes has not demonstrated beyond doubt that any, much less all, of VZD's asserted defenses are legally insufficient. See 5C Charles Alan Wright et al., Federal Practice and Procedure § 1369 (3d

ed. 2004). Therefore, the Court finds that Hughes is not entitled to judgment on the pleadings under Rule 12(c).

Lastly, VZD requests the Court to exercise its inherent power and require Hughes to show good cause why she should not be sanctioned for filing the present motion as well as pay VZD's attorney's fees and costs incurred in responding to the instant motion. The Court declines VZD's request, as no circuit precedent existed prior to the filing of this motion which addressed the apparent conflict between Rules 12(c) and 16(b) regarding the filing of a motion for judgment on the pleadings.

As delineated above, Hughes' motion is untimely and, in the alternative, she has not demonstrated entitlement to judgment on the pleadings under Rule 12(c). As a result, her Motion for Entry of Final Judgment Based on Pleadings [Dkt. No. 38] is **DENIED**.

IT IS SO ORDERED this 6th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge